# In the United States Court of Federal Claims

No. 24-288
Filed: October 29, 2024

|  |  |
|---|---|
| PETER E. GERSTEN, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) ) |

*Joseph Wilkinson, II*, Tully Rinckey, PLLC, Washington, D.C., for plaintiff.

*Reta Emma Bezak*, U.S. Department of Justice, Civil Division, Washington, D.C., for defendant.

**OPINION AND ORDER**

*SMITH*, **Senior Judge**

Plaintiff Peter E. Gersten's troubles started with an officer and a gentleman's affair—or really several—and he now seeks to undo its repercussions. After an investigation into and non-judicial punishment for admitted adultery, Mr. Gersten was downgraded by the Secretary of the United States Air Force (the "Secretary") from O-8 (Major General) to O-6 (Colonel). *See generally* Plaintiff's Complaint, ECF No. 1 [hereinafter Compl.]. Rattled by the Secretary's decision—as well as the United States Air Force Board for Correction of Military Records' ("AFBCMR's") deference to it—he seeks reversal of his downgraded rank via 10 U.S.C. § 1370, the statute outlining the procedures for deciding the retired grade for regular commissioned officers. *See generally id.* Specifically, he does not contest his commanding officer, General James H. Holmes, the Officer Grade Determination Board, nor the United States Air Force Personnel Council's shared recommendation to downgrade his rank from O-8 (Major General) to O-7 (Brigadier General); *but* Mr. Gersten believes the Secretary's decision to downgrade him further to O-6 (Colonel) to be arbitrary and capricious for lack of evidentiary support. *Id.* at 1–2, 4.

Defendant, the United States of America, seeks dismissal for, among other reasons, Mr. Gersten's claim as a non-justiciable question. *See* Defendant's Motion to Dismiss, and in the Alternative, Response to Plaintiff's Motion for Judgment on the Administrative Record and Cross-Motion for Judgment on the Administrative Record at 8–10, ECF No. 15 [hereinafter Def.'s Mot. to Dismiss]. Mr. Gersten, in response, concedes that the Secretary has sole discretion to decide issues of rank in relation to "the character of his service." *See* Plaintiff's

Reply in Support of His Motion for Judgment on the Administrative Record and Response to the Government's Motion to Dismiss at 5–7, ECF No. 23 [hereinafter Pl.'s Resp.].  However, he argues that the Court possesses subject-matter jurisdiction to reverse the Secretary's determination *if* that decision was arbitrary and capricious.  *Id.*

Not so.  Even where the Court "possesses jurisdiction to hear a claim, it may not do so in cases where the claim presents a nonjusticiable controversy." *Adkins v. United States*, 68 F.3d 1317, 1322 (Fed. Cir. 1995).  Given that Mr. Gersten asks the Court to "substitute its judgment" for the Secretary and reverse a misconduct finding (*i.e.*, his admitted adultery), the Court possesses "no tests or standards" for determining the validity of his downgraded rank on the merits.  *Loomis v. United States*, 68 Fed. Cl. 503, 511 (2005) (internal quotation marks omitted); *see Adkins*, 68 F.3d at 1322 ("The merits of a service secretary's decision regarding military affairs are unquestionably beyond the competence of the judiciary to review.").  In other words, Mr. Gersten's claim against the Secretary is dismissed because the "Court[] will not interject [itself] into the promotion [or demotion] process," when it neither possesses adjudicative competency to evaluate military decisions nor can it "direct the Secretary to promote [a claimant] . . . because such relief would not be subordinate or collateral to a monetary award." *Adkins*, 68 F.3d at 1324, 1324 n. 9.  Likewise, Mr. Gersten's claim against the AFBCMR is dismissed because he failed to dispute the basis for the Secretary's determination at that adjudication.

Consequently, defendant's Motion to Dismiss, ECF No. 15, is **GRANTED**; and both plaintiff's Motion for Judgment on the Administrative Record, *see generally* Plaintiff's Motion for Judgment on the Administrative Record, ECF No. 14 [hereinafter Pl.'s Mot. for J. on the Administrative R.], and defendant's Cross-Motion for Judgment on the Administrative Record, ECF No. 15, are **FOUND AS MOOT**.

I. **Background**[1]

Since his graduation from the United States Air Force Academy in 1989, Mr. Gersten has held multiple roles in the United States Air Force ("Air Force")—including, at issue here, O-6 (Colonel) beginning on January 1, 2007; O-7 (Brigadier General) beginning on November 10, 2011; and O-8 (Major General) beginning on March 2, 2015—and "received awards and accolades throughout his career."  Compl. at 2.  But over a year into his tenure as a Colonel, Mr. Gersten began "multiple" extramarital relationships with women; the first relationship occurring around May 1, 2008, and the last affair ending around June 2, 2019, when he was a Major General.  *Id.* at 3.  For eleven years, these extramarital relationships presumably remained undetected by Air Force officials.  Then in 2019, Air Force officials discovered that Mr. Gersten had engaged in an extramarital "emotional and physical relationship" with a subordinate officer, "Lieutenant P.O.," between July 27, 2018, and December 2, 2018.  *Id.*  Suddenly, Mr. Gersten's Air Force career collapsed:  His "superiors relieve[d] him of command" at the United States Air

---

[1] To resolve defendant's Motion to Dismiss, the Court assumes the facts pled in Mr. Gersten's complaint are true.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Force Warfare Center at the Nellis Air Force Base, Nevada, "and consider[ed] further actions against him." *Id.* at 2–3.

One such action included commencing a Secretary of the United States Air Force/Inspector General ("SAF/IG") investigation into Mr. Gersten's conduct. *Id.* at 3. On September 26, 2019, the SAF/IG concluded its investigating, finding violations of both Article 133 (Conduct Unbecoming of an Officer) and Article 134 (Adultery) of the Uniform Code of Military Justice, due to Mr. Gersten's multiple extramarital affairs, including that with Lieutenant P.O. *Id.* 3–7. On October 9, 2019, General Holmes "imposed [a] nonjudicial punishment on [Mr. Gersten] based on the [findings of] . . . the SAF/IG report." *Id.* at 8. On April 8, 2020, General Holmes further recommended both that Mr. Gersten be retired at O-7 (Brigadier General) instead of his then current rank of O-8 (Major General), and that the Officer Grade Determinations Board (the "Board") be convened to consider his recommendations and the SAF/IG report. *Id.*

On June 10, 2020, the Secretary ordered the Board to convene. *Id.* at 9. On July 22, 2020, the Board met and rendered its unanimous decision. *Id.* "The Board condemned [Mr. Gersten's] relationship with Lieutenant P.O., noted its fateful impact on [United States Air Force Warfare Center] staff, and found that his misconduct outweighed his good service in the grade of O-8 [Major General]." *Id.* Consequently, in accepting General Holmes's recommendation, "the Board recommended that [Mr. Gersten] be retired [at] the grade of O-7 [Brigadier General]." *Id.* On July 27, 2020, the Air Force Personnel Council concurred with both Board and General Holmes's recommendation, believing a downgrade from O-8 (Major General) to O-7 (Brigadier General) to be satisfactory. *Id.*

On September 28, 2020, the Secretary disagreed with the Air Force Personnel Council and determined that Mr. Gerstein's eleven years' worth of affairs—as outlined in the SAF/IG report—were so harmful to his service's character as to require him to be retired at O-6 (Colonel). *Id.* On December 31, 2020, based on the Secretary's decision, Mr. Gersten "received an honorable discharge . . . with a grade of O-6 [Colonel]." *Id.*

On May 14, 2023, Mr. Gersten appealed to the AFBCMR, seeking to amend his Air Force records "to reflect a retirement grade of O-7 [Brigadier General] instead of O-6 [Colonel]." *Id.* On January 3, 2024, the AFBCMR declined to do so for two key reasons. *Id.* First, the AFBCMR noted—"correctly," according to Mr. Gersten—that the Secretary has "sole authority to determine the highest grade in which an officer served satisfactory" and is not bound by the recommendations of the Board, nor even the Air Force Personnel Council or General Holmes. *Id.* at 10 (internal quotation marks omitted). Second, the SAF/IG report provided **substantial evidence** of extramarital misconduct with multiple women, including corroboration by a "large number of witnesses." *Id.*

On February 23, 2024, Mr. Gersten filed his complaint, requesting the Court declare the Secretary's decision—including the AFBCMR's deference to that decision—as arbitrary and capricious and order the Air Force, acting through defendant, to adjust Mr. Gersten's retired grade from O-6 (Colonel) to O-7 (Brigadier General). *See id.* at 11–12. Mr. Gersten also wants backpay equal to the difference between his O-7 (Brigadier General) and O-8 (Major General)

pay from January 1, 2021, until the date of the Court's judgment. *Id.* at 12. Finally, he seeks attorney's fees. *Id.*

On April 18, 2024, based on the parties' agreement, the Court ordered briefing for Judgment on the Administrative Record. *See generally* Scheduling Order, ECF No. 8. On May 8, 2024, defendant filed the administrative record. *See generally* Administrative Record, ECF No. 9 [hereinafter AR]. On May 17, 2024, by the Court's order, the Administrative Record was completed. *See generally* Order Granting Plaintiff's Motion to Complete the Administrative Record, ECF No. 11. On June 5, 2024, Mr. Gersten filed his Motion for Judgment on the Administrative Record.[2] *See generally* Pl.'s Mot. for J. on the Administrative R. On June 19, 2024, defendant filed its Motion to Dismiss and, in the alternative, its Cross-Motion for Judgment on the Administrative Record and Response to Plaintiff's Motion to Dismiss. *See generally* Def.'s Mot. to Dismiss. On July 3, 2024, plaintiff filed his response to defendant's Motion to Dismiss with his reply in support of his Motion for Judgment on the Administrative Record. *See generally* Pl.'s Resp. (redacted version).[3] On July 17, 2024, defendant filed its reply in support of its Motion to Dismiss. *See generally* Defendant's Reply in Support of its Motion to Dismiss and, in the alternative, Cross-Motion for Judgment on the Administrative Record, ECF No. 20 [hereinafter Def.'s Reply]. On August 14, 2024, the Court held oral argument on the parties' briefing. *See generally* Oral Argument, ECF No. 25.

## II.   Standard of Review

### A.   Subject-Matter Jurisdiction

Under the Tucker Act, the Court has subject-matter jurisdiction for any non-tort claims arising out of a money-mandating statute. *See generally* 28 U.S.C. § 1491. The colloquially named Retired Grade for Regular Commissioned Officers, 10 U.S.C. § 1370, is "a money-mandating statute . . . that supplies this [C]ourt with jurisdiction under the Tucker Act." *Bader v. United States*, 160 Fed. Cl. 529, 542 (2022), *aff'd*, 97 F.4th 904 (Fed. Cir. 2024); *Lewis v. United States*, 458 F.3d 1372, 1376 n.2 (Fed. Cir. 2006) ("Retirement pay claims are brought under . . . money-mandating statutes.").

---

[2]   On May 29, 2024, Mr. Gersten originally filed his Motion for Judgment on the Administrative Record, but due to procedural errors, on June 5, 2024, the Court struck the document and ordered Mr. Gersten refile the Motion by June 10, 2024. *See generally* Order Striking Plaintiff's Motion for Judgment on the Administrative Record, ECF No. 13. He refiled the brief, fixing the procedural issue, on the same day as the Court's order.

[3]   On July 3, 2024, Mr. Gersten originally filed his response to defendant's Motion to Dismiss with his reply in support of his Motion for Judgment on the Administrative Record; but on July 17, 2024, Mr. Gersten sought to strike his own brief due to unredacted sensitive personal identification information and refile a redacted version of the same brief. *See generally* Motion to Strike Response to Motion and Additional Response, ECF No. 19. On June 18, 2024, the Court granted this request and ordered Plaintiff refile his redacted brief by July 24, 2024. *See generally* Order Striking Plaintiff's Reply in Support of His Motion for Judgment on the Administrative Record and Response to Defendant's Motion to Dismiss and Cross-Motion for Judgment on the Administrative Record, ECF No. 21. On July 19, 2024, Mr. Gersten filed the redacted brief. *See generally* Pl.'s Resp. For ease and fairness, the Court will only reference the redacted version of the brief.

### B. Failure to State a Claim

In deciding whether to dismiss for failure to state a claim, the Court must simultaneously accept Mr. Gersten's factual allegations as true while also reviewing whether he has alleged "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning that the complaint's allegations must contain enough facts for the Court to reasonably infer that the defendant could be liable for the alleged misconduct, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a plaintiff's suit demonstrates "no specific constitutional, statutory or regulatory violation" and instead seeks a reversal of a military leader's decision regarding a servicemember's character and rank, such claims are nonjusticiable for being "unquestionably beyond the competence of the judiciary." *Bader*, 160 Fed. Cl. at 543 (quoting *Adkins*, 68 F.3d at 1322). Therefore, such claims must be dismissed for failure to state a claim. *Adkins v. United States*, 30 Fed. Cl. 158, 164 (1993) (dismissing a military promotion claim because "the [C]ourt could not resolve his claim without making judgments about [plaintiff's] fitness for promotion." (footnote omitted)), *aff'd in part, rev'd in part*, 68 F.3d 1317 (Fed. Cir. 1995); *see also Bunch v. United States*, 33 Fed. Cl. 337, 340 (1995) (Smith, C.J.).

In addition, "issues and arguments not made before the relevant military correction board or administrative agency are deemed waived and [cannot] be raised in a judicial tribunal." *Sullivan v. United States*, No. 18-1862C, 2022 WL 1184045, at *14 (Fed. Cl. Apr. 21, 2022) (quoting *Christian v. United States*, 46 Fed. Cl. 793, 802 (2000)). "[B]ecause [plaintiff] has waived [his] argument to the contrary, the Court of Federal Claims should . . . grant[] the government's motion to dismiss." *Metz v. United States*, 466 F.3d 991, 1000 (Fed. Cir. 2006); *see also Exnicios v. United States*, 140 Fed. Cl. 339, 364–65 (2018) (collecting cases on waiver).

### III. Discussion

Jurisdiction and justiciability are "distinct" judicial constraints. *Murphy v. United States*, 993 F.2d 871, 872 (Fed. Cir. 1993); *see Bunch*, 33 Fed. Cl. at 339. Jurisdiction—governed by the Tucker Act and its sister statutes—essentially allows the Court to "issue compliance orders," *TVA v. Hill,* 437 U.S. 153, 193 (1978) (quoting *Hecht Co. v. Bowles,* 321 U.S. 321, 329 (1944)); *see also* 28 U.S.C. § 1491(a)(1), whereas justiciability establishes whether an issue is "within the competency of the [C]ourt," *Murphy*, 993 F.2d at 872. If an issue is "beyond the competence of the judiciary," it is a nonjusticiable question and must be dismissed. *Bader*, 160 Fed. Cl. at 543 (quoting *Adkins*, 68 F.3d at 1332).

To Mr. Gersten, the jurisdiction/justiciability distinction is immaterial as the Court routinely hears military retirement pay cases based upon money-mandating statutes. *See* Pl.'s Resp. at 5–6. In other words, because the claim falls under the Court's subject-matter jurisdiction, "[w]hether to pay money to a retired officer" is always a justiciable question. *Id.* at 6. But as defendant correctly recognizes, Mr. Gersten is "misunderstanding the interplay" between jurisdiction and justiciability. *See* Def.'s Reply at 3.

Justiciability and jurisdiction are conceptually distinct for a reason: their separation, at least as applied in military compensation cases, keeps judges from overstepping their

constitutional role.[4] *See Orloff v. Willoughby*, 345 U.S. 83, 93–94 (1953) ("[J]udges are not given the task of running the Army. The responsibility for setting up channels through which such grievances can be considered and fairly settled rests upon the Congress and upon the President of the United States and his [or her] subordinates."). At heart, to preserve the separation of powers, the Court must from time-to-time demur when it lacks "tests or standards" to determine the validity of a government decision. *Loomis*, 68 Fed. Cl. at 511 (internal quotation marks omitted); *see Roth v. United States*, 378 F.3d 1371, 1384–85 (Fed. Cir. 2004) ("In the military arena, because of the admonition against court interference with military matters, . . . justiciability is an especially appropriate inquiry." (citations omitted)). Now is one such time.

"[W]e have recognized that there are 'thousands of [] routine personnel decisions regularly made by the services which are variously held nonjusticiable or beyond the competence or the jurisdiction of courts to wrestle with.'" *Murphy*, 993 F.2d at 871 (quoting *Voge v. United States,* 844 F.2d 776, 780 (Fed. Cir. 1988)). Such deference extends to the Secretary's sole "authority to make such retirement determinations based upon whether a member's service was satisfactory at a given grade." *Kim v. United States*, No. 03-1562C, 2006 WL 5629222, at *6 (Fed. Cl. June 16, 2006) (citing 10 U.S.C. §§ 1370(d)); *Adkins*, 68 F.3d at 1322 ("The merits of a service secretary's decision regarding military affairs are unquestionably beyond the competence of the judiciary to review.").

Fight as he does, Mr. Gersten cannot escape this reality. Of course, he is correct that "full discretion is not the same as arbitrary power." *See* Pl.'s Resp. at 7 (internal quotation marks and footnote omitted). So, the Court can review the Secretary's exercise of that discretion only in cases involving "a challenge to the particular *procedure* followed in rendering a military decision." *Adkins*, 68 F.3d at 1323 (emphasis in original). Had Mr. Gersten claimed that the Secretary violated the "applicable military procedures" in making her decision, rather than the decision itself, then these questions would be justiciable. *Roth*, 378 F.3d at 1385.

But that case is not before the Court. Mr. Gersten asks the Court to reverse the Secretary's assessment of the impact of his misconduct, meaning his admitted adultery, on the character of his service. This question is not procedural; it goes to the Secretary's merits determination—that is, whether she properly judged "the quality of Mr. Gersten's service," Compl. at 11 (emphasis omitted)—thereby requiring the Court to make its own judgments regarding Mr. Gersten's fitness to maintain a certain retirement rank, *see Adkins*, 30 Fed. Cl. at 164. Accordingly, Mr. Gersten is not concerned with procedure; he just disagrees with the Secretary's decision.

Although Mr. Gersten, perhaps rightly or wrongly, feels his demotion is "objectionable," the Court cannot interfere in the military's "specialized community [that is] governed by a

---

[4] Whether this distinction is apt was a question for yesterday's judiciary rather than today's Court. The Court cannot—and will not—question our law's wisdom here. *Cf. Dillon v. Sec'y of Health & Hum. Servs.*, 114 Fed. Cl. 236, 245 (2014) ("This [C]ourt is bound by the precedent of the [United States Court of Appeals for the] Federal Circuit and must follow it."). "As the old adage goes: the Court has made this bed so now it must lie in it"—a fact the parties must accept here as well. *See Moyle v. United States*, 144 S. Ct. 2015, 2026 (2024) (Jackson, J., concurring); *contra* Pl.'s Resp. at 5–7, 13 n.16 (believing that the Court should ignore this precedent because courts, not the Secretary, hold the ultimate interpretation of law and, apparently, that includes military rank).

separate discipline from the civilian." *See Orloff*, 345 U.S. at 93–94.  "Orderly government requires that the judiciary be . . . scrupulous not to interfere with legitimate" Air Force decisions, *id.* at 94, as issues of rank "are best left to the military, [because] it is much more competent to decide which qualities it needs in its officers and who best exemplifies them," *Adkins*, 30 Fed. Cl. at 164.  Mr. Gersten's claim against the Secretary is therefore inherently nonjusticiable, *see Kim*, 2006 WL 5629222, at *6 (holding the Secretary's sole "authority to make such retirement determinations based upon whether a member's service was satisfactory at a given grade." (citing 10 U.S.C. §§ 1370(d))), and must be dismissed for that reason, *see Adkins*, 68 F.3d at 1324 n.9, an outcome Mr. Gersten foreshowed in his own briefing, *see* Pl.'s Resp. at 5–7.

*   *   *

Before concluding, the Court must address Mr. Gersten's claim as it relates to the AFBCMR.  While his claims against the Secretary and the AFBCMR are intermingled, the Court considers them to be separate and distinct.  *See* Compl. at 10–11.  Nevertheless, the outcome is the same: Mr. Gersten's claim against the AFBCMR is dismissed because it is predicated upon "arguments not made before" the AFBCMR and "deemed waived." *Sullivan*, 2022 WL 1184045, at *14 (quoting *Christian*, 46 Fed. Cl. at 802).

Mr. Gersten believes the AFBCMR decision should be reversed because the AFBCMR, just like the Secretary, relied on the SAF/IG investigation which failed to substantiate a violation of Article 133 (Conduct Unbecoming of an Officer) of the Uniform Code of Military Justice prior to 2015, the year he became an O-8 (Major General).  *See* Compl. at 11; *see also* Def.'s Reply at 6.  But Mr. Gersten never made this argument before the AFBCMR.  *See* Def.'s Reply at 6.  Indeed, Mr. Gersten does not dispute this fact.  *See* Pl.'s Resp. at 8.  Nor could he.  Mr. Gersten was fully aware of the SAF/IG report—given he made arguments before the AFBCMR regarding its findings.  *See* Def.'s Reply at 6 (citing AR 19–21).  He just never made an argument regarding whether the SAF/IG report properly substantiated a violation of Article 133 (Conduct Unbecoming of an Officer) of the Uniform Code of Military Justice for conduct prior to 2015.  *Id.*  In other words, Mr. Gersten waived this argument because he was "well aware of" the SAF/IG report "and chose not to raise the objection," thereby requiring dismissal of his claim against the AFBCMR.  *See* Pl.'s Resp. at 9 (quoting *Doyle v. United States*, 220 Ct. Cl. 285, 310 (1989)) (emphasis removed).  Prejudice inhibiting defendant's adjudicative rights has also attached as a result, for the military was not afforded the "opportunity for correction in order to raise issues reviewable by the courts." *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952).  Therefore, "because he has waived any argument to the contrary, the Court of Federal Claims [must] grant[ defendant's] motion to dismiss."[5]  *Metz*, 466 F.3d at 1000.

---

[5]  Notably, Mr. Gersten also shapes his claim against the AFBCMR based on how it deferred to the Secretary's decision to downgrade his rank because the Secretary has "sole authority to determine the highest grade in which an officer served satisfactorily."  Compl. at 10 (internal quotation marks omitted); *see also id.* at 11.  While defendant did not argue this point, the Court believes that to examine the merits of the Secretary's decision through the merits of the AFBCMR's review would be an indirect means of deciding a nonjusticiable question.  *See Adkins*, 68 F.3d at 1320.  As the nation's highest court recently explained in different context, courts are not permitted "to do indirectly what [they] cannot do directly."  *See Trump v. United States*, 144 S. Ct. 2312, 2340 (2024).  Mr. Gersten's claim is therefore "untenable in light of the separation of powers principles" outlined above, *id.* at 2341; *see Orloff*, 345 U.S. at 94; *Loomis*, 68 Fed. Cl. at 511, and must be dismissed for this reason as well.

### IV. Conclusion

As this Court and the United States Court of Appeals for the Federal Circuit's respective precedents have repeatedly and bluntly described, this is not a forum to second guess military determinations about a servicemember's character and rank. Only the military possesses the ability to adjudge whether a servicemember has served honorably, inclusive of private matters like adultery. *See Orloff*, 345 U.S. at 94. Consequently, defendant's Motion to Dismiss, ECF No. 15, is **GRANTED**; and both plaintiff's Motion for Judgment on the Administrative Record, ECF No. 14, and defendant's Cross-Motion for Judgment on the Administrative Record, ECF No. 15, are **FOUND AS MOOT**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

                                                     s/ *Loren A. Smith*
                                                     Loren A. Smith,
                                                     Senior Judge